UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA

v.                                                          Crim No. 2:25-cr-00040-mkl

TODD HOYTE,
        Defendant.

## PLEA AGREEMENT

The United States of America, by and through the United States Attorney for the District of Vermont (hereafter "the United States"), and the defendant, TODD HOYTE, agree to the following in regard to the disposition of pending criminal charges.

1. TODD HOYTE agrees to plead guilty to Count One of the Indictment charging him with Cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B); and Count Two of the Indictment charging him with Interstate Communications with Threat to Injure in violation of 18 U.S.C. § 875(c).

2. TODD HOYTE understands, agrees and has had explained to him by counsel that the Court may impose the following sentence on his plea:

    a.  for Count One (18 U.S.C. § 2261A(2)(B)) up to 5 years of imprisonment, pursuant to 18 U.S.C. § 2261(b)(5); up to 3 years of supervised release, pursuant to 18 U.S.C. § 3583; up to a $250,000 fine, pursuant to 18 U.S.C. § 3571; and a $100 special assessment pursuant to 18 U.S.C. § 3013; and

    b.  for Count Two (18 U.S.C. § 875(c)) up to 5 years of imprisonment, pursuant to 18 U.S.C. § 875(c); up to 3 years of supervised release, pursuant to 18 U.S.C. § 3583; up to a $250,000 fine, pursuant to 18 U.S.C. § 3571; and a $100 special assessment pursuant to 18 U.S.C. § 3013.

1

TODD HOYTE further understands that the Court may order full restitution to the victims of the offense in an amount determined by the Court, pursuant to 18 U.S.C. § 3663.

3. TODD HOYTE agrees to plead guilty because he is, in fact, guilty of the above crime.

4. TODD HOYTE stipulates to, agrees with, and admits the following facts:

   a. Beginning on or about July 29, 2024, and continuing through on or about September 25, 2024, in the District of Vermont and elsewhere, the defendant, TODD HOYTE, used a facility of interstate commerce, specifically a cellular phone, to engage in a course of conduct, specifically, TODD HOYTE engaged in a campaign of harassment, intimidation, and threats against Doug DiSabito by sending harassing, threatening, and intimidating voice messages.

   b. At the time, Doug DiSabito worked in Vermont, and the messages were received at DiSabito's voicemail box, and the voicemail box of the Vermont Department of Public Service (DPS). In total, TODD HOYTE left more than ten messages for Doug DiSabito.

   c. For example, on July 29, 2024, at 11:45 p.m., a voicemail was left from a telephone number ending in 8384 that was used by TODD HOYTE. The voicemail was received in the Vermont Department of Public Service (DPS) voicemail box within the District of Vermont. The caller stated: "My name is Todd Hoyte. I'm trying to reach attorney. Whatever he is, that queer fuck Doug DiSabito States Attorney. I'm representing myself. I haven't got a call back from you. You're a fucking punk, mother fucker state's attorney and your days are numbered mother fucka. Peekaboo. You're gonna see mother fucker you want to fuck with my life. I'm

gonna fucking take yours. You'll see, you cocksucker." This message was retrieved by an employee at DPS.

d. Thus, this message left by TODD HOYTE contained a threat to injure Doug DiSabito. TODD HOYTE also transmitted this voicemail, and others, to harass and intimidate Doug DiSabito. As a result of this message and others, Doug DiSabito experienced substantial emotional distress.

e. TODD HOYTE made this communication and others for the purpose of issuing a threat and with knowledge that the communications would be viewed as a threat to Doug DiSabito.

f. Between July 2024 and September 2024, when TODD HOYTE left the aforementioned voicemail and others, he was living in the United States Virgin Islands, thus the communications were transmitted in interstate commerce because it was retrieved in the District of Vermont.

5. TODD HOYTE understands that it is a condition of this agreement that he refrain from committing any further crimes, whether federal, state or local, and that if on release he will abide by all conditions of release.

6. TODD HOYTE acknowledges that he understands the nature of the charges to which he will plead guilty and the possible penalties. He also acknowledges that he has the following rights: the right to persist in a plea of not guilty; the right to a jury trial; the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceeding; the right at trial to confront and cross-examine adverse witnesses; the right to be protected from compelled self-incrimination; and the right to testify and present evidence and to compel the attendance of witnesses. He understands that by pleading guilty, he will waive these

rights. He also understands that if his guilty plea is accepted by the Court, there will be no trial and the question of guilt will be resolved; all that will remain will be the Court's imposition of sentence.

7. TODD HOYTE fully understands that he may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation of the parties to this agreement, other than an agreement between the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The United States specifically reserves the right to allocute at sentencing. There shall be no limit on the information the United States may present to the Court and the Probation Office relevant to sentencing and no limit (except as otherwise provided in this agreement) on the positions the government may take at sentencing. Both parties are free to move for a departure under the Guidelines and to argue for a sentence outside the advisory sentencing range, except as otherwise set forth in this agreement. The United States also reserves the right to correct any misstatement of fact made during the sentencing process, to oppose any motion to withdraw a plea of guilty, and to support on appeal any decisions of the sentencing Court whether in agreement or in conflict with recommendations and stipulations of the parties.

8. TODD HOYTE fully understands that any estimates or predictions relative to the Guidelines calculations are not binding upon the Court. TODD HOYTE acknowledges that there is no agreement between the parties as to both the calculation of the offense level and the defendant's criminal history category. TODD HOYTE understands his criminal history could impact both the offense level and the criminal history category applicable to his Guideline calculation. He fully understands that the Guidelines are advisory and that the Court can consider any and all information that it deems relevant to the sentencing determination. He acknowledges that in the event that any estimates or predictions by his attorney (or anyone else) are erroneous,

4

those erroneous predictions will not provide grounds for withdrawal of his plea of guilty, modification of his sentence, or for appellate or post-conviction relief.

9. TODD HOYTE agrees to make a good-faith effort to pay any fine or restitution he is ordered to pay. TODD HOYTE agrees to pay the special assessment at the time of sentencing.

10. TODD HOYTE acknowledges that, under certain circumstances, he is entitled to appeal his conviction and sentence. After consulting with counsel, the defendant agrees that he will not file a direct appeal, or collaterally attack, his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. §2255. Nor will he pursue such an appeal or collateral attack to challenge the Court's sentence as described in the following terms. The waiver covers the term of imprisonment imposed by the Court if the total term imposed on Counts One and Two does not exceed 36 months. This waiver also covers the conditions and duration of any term of supervised release of 3 years or less, any fine of $10,000 or less, and any order of restitution. The defendant expressly acknowledges that he is knowingly and intelligently waiving his rights to appeal or collaterally attack his conviction and sentence. Nothing in this waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

11. TODD HOYTE recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. The defendant, if not a United States citizen, may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Removal and other immigration consequences are the subject of a separate proceeding, however, and he understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. TODD HOYTE nevertheless affirms that he wants to plead guilty regardless of any immigration

consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

12. The United States agrees that in the event that TODD HOYTE fully and completely abides by all conditions of this agreement, the United States will:

    a. not file additional federal charges in the District of Vermont based on the conduct described in the factual stipulations at paragraph 4 committed by him between July 2024 and September 2024;

    b. recommend that he receive a two-point credit for acceptance of responsibility under Guideline § 3E1.1(a), provided that (1) he cooperates truthfully and completely with the Probation Office during the presentence investigation, including truthfully admitting the conduct comprising the offense(s) of conviction and not falsely denying any relevant conduct for which he is accountable under U.S.S.G. § 1B1.3, (2) he abides by the conditions of his release, and (3) provided that no new information comes to the attention of the United States relative to the issue of his receiving credit for acceptance of responsibility; and

    c. move for an additional one-point credit for timely acceptance of responsibility, if the offense level (before acceptance) is 16 or greater and he meets the conditions in the subparagraph above.

13. If the United States determines, in its sole discretion, that TODD HOYTE has committed any offense after the date of this agreement, has violated any condition of release, or has provided any intentionally false information to Probation, the obligations of the United States in this agreement will be void. The United States will have the right to recommend that the Court impose any sentence authorized by law and will have the right to prosecute him for any other offenses he

may have committed in the District of Vermont. TODD HOYTE understands and agrees that, under such circumstances, he will have no right to withdraw his previously entered plea of guilty.

14. TODD HOYTE and the United States agree, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that the appropriate term of imprisonment the Court should impose is no more than 36 months' imprisonment. Under this agreement, the Court retains discretion with all other aspects of the sentence, including the fine, the restitution, and the term of supervised release. The defendant further understands that if the court rejects the plea agreement on the agreed upon sentencing stipulation, the United States may deem the plea agreement null and void.

15. It is understood and agreed by the parties that should TODD HOYTE's plea not be accepted by the Court for whatever reason, or later be withdrawn or vacated, this agreement may be voided at the option of the United States, and he may be prosecuted for any and all offenses otherwise permissible. TODD HOYTE also agrees that the statute of limitations for all uncharged criminal offenses known to the United States as of the date it signs this plea agreement will be tolled for the entire period of time that elapses between the signing of this agreement and the completion of the period for timely filing a petition under 28 U.S.C. § 2255, or if such petition is filed, the date of any decision by a court to vacate the plea or the conviction.

16. It is further understood that this agreement is limited to the Office of the United States Attorney for the District of Vermont and cannot bind other federal, state or local prosecuting authorities.

17. TODD HOYTE expressly states that he makes this agreement of his own free will, with full knowledge and understanding of the agreement and with the advice and assistance of his counsel, EMILY KENYON, Esq. TODD HOYTE further states that his plea of guilty is not the result of any threats or of any promises beyond the provisions of this agreement. Furthermore,

TODD HOYTE expressly states that he is fully satisfied with the representation provided by his attorney, EMILY KENYON, Esq., and has had full opportunity to consult with his attorney concerning this agreement, concerning the applicability and impact of the Sentencing Guidelines (including, but not limited to, the relevant conduct provisions of Guideline Section 1B1.3), and concerning the potential terms and conditions of supervised release.

18. No agreements have been made by the parties or their counsel other than those contained herein or in any written agreement supplementing this agreement.

UNITED STATES OF AMERICA

MICHAEL P. DRESCHER
Acting United States Attorney

11/10/25
Date

By: _____
Zachary B. Stendig
Assistant U.S. Attorney

11.7.25
Date

_____
TODD HOYTE
Defendant

I have read, fully reviewed and explained this agreement to my client, TODD HOYTE. I believe that he understands the agreement and is entering into the agreement voluntarily and knowingly.

11/7/2025
Date

_____
Emily Kenyon, Esq.
Counsel for the Defendant

8